46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary B. HOBBS, Plaintiff-Appellant,
v.
SECURITY NATIONAL BANK OF SAPULPA, OKLAHOMA; Security
National Bancshares Inc. of Sapulpa, Oklahoma; Michael E.
Bezanson; Dwight W. Maulding; Jack Sellers; Lon T.
Jackson; Edward A. Carson; Wiley W. Smith; Solaray
Corporation; Interstate Distributors, Inc.; John Bingman;
Bradd Bingman; Irving Bartlett; Jerry Robertson; Walter
E. Brown; unknown co-conspirators, and the other unnamed
directors of Security National Bank, their corporations,
partnerships, joint ventures, sole proprietorships, heirs,
and assigns, and the other presently; Bingman ERA
Properties, Defendants-Appellees.
Gary B. HOBBS, Plaintiff-Appellant,
v.
Dale L. THOMASON; Robert Baker; Manek Anklesaria; Howard
Kirsch; Juanita Palmer; Harvey Russell; Dewey Gunter;
John Gerkin; Lisa Baker; Patti Tucker; H. Gates Williams,
Jr.; Cross Roads Savings and Loan Association; Cross Roads
Financial Services, Inc; Vaden Bales; David Cameron, Jr.;
Dean Luthey; Jones, Givens, Gotcher & Bogan, P.C.; Marcia
Boswell-Carney; David Thornburg; Mary Carole Stoltz;
Brian McCormally; Sam Morgan; Gable & Gotwals, Inc.;
Theodore Q. Eliot; the other presently unknown and unnamed
co-conspirators, Defendants-Appellees.
 Nos. 93-5149, 93-5150.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.[2]
 
 
 2
 Plaintiff Gary B. Hobbs appeals from orders of the district court dismissing his complaints pursuant to 28 U.S.C.1915(d) and Fed.R.Civ.P. 12(b)(6). We have consolidated these appeals for review. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.[3]
 
 
 3
 In 1991, plaintiff pled guilty to various counts of bank fraud, embezzlement, and money laundering and was sentenced to ninety months' imprisonment to be followed by three years' supervised release, and restitution of over ten million dollars. Plaintiff was also disbarred from the practice of law by the Oklahoma Supreme Court based on these convictions. Because plaintiff is an attorney, we do not construe his pleadings liberally. Cf. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 Plaintiff brought his actions pursuant to 18 U.S.C.1964(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO). He also alleged various pendent state claims. In No. 93-5149, plaintiff submitted a thirty-four page complaint. In No. 93-5150, plaintiff submitted a seventy-six page complaint. Fed.R.Civ.P. 8(a) states that a complaint shall contain "a short and plain statement of the claim" demonstrating entitlement to relief. Plaintiff has not complied with this rule in that his pleadings contain many extraneous, conclusory allegations rather than alleging only specific facts in support of his claims.
 
 
 5
 The district court dismissed plaintiff's federal claims as frivolous pursuant to 28 U.S.C.1915(d) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Lacking a valid federal claim, the district court dismissed the pendent state claims.
 
 
 6
 "We review de novo the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), confining our review to the allegations of the complaint and taking them as true." Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993). Upon review of plaintiff's complaints and the controlling law, we agree plaintiff failed to allege acts sufficient to meet the legal requirements for stating civil RICO claims. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)(plaintiff must allege conduct of an enterprise through pattern of racketeering activity to state a civil RICO claim).
 
 
 7
 Defendants' motion to dismiss appeal No. 93-5150 is DENIED. Plaintiff's motions to supply the complete civil record in No.93-5150 and to supplement that record are DENIED. The judgments of the United States District Court for the Northern District of Oklahoma are AFFIRMED for substantially the reasons stated therein. The mandates shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 [3]
 Plaintiff has submitted documents not before the district court which we have not considered. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n. 1 (10th Cir.1992)